UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JEANELLE JACKSON | CIVIL ACTION NO. 21-cv-1675 |
| VERSUS | JUDGE WALTER |
| STATE OF LOUISIANA ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Jeanelle Jackson ("Plaintiff"), who is self-represented, filed this civil action to complain that the Caddo Parish Juvenile Court has wrongfully taken custody of her children and lacks authority over her. She demands that this court order the return of her children and $25,000 for each of the six children taken from her care. For the reasons that follow, it is recommended that her complaint be dismissed without prejudice for lack of subject matter jurisdiction.

### Plaintiff's Filings

Plaintiff filed three documents with this court. The first is addressed to the Louisiana Western District Court and explains that Plaintiff has "6 children who have been kidnapped and are being held hostage" by the Department of Children and Family Services and the Caddo Parish Juvenile Court. Plaintiff states that she has demanded the return of her children, without success, she contends that the court and agency have no authority over her or her children, and she refuses all services that they offer. Plaintiff demands that her children be returned to her home along with $25,000 for each child. Plaintiff states that

she is taking this matter before the federal court because it oversees constitutional violations and to "see to it that my children are returned safely back in my care before taking it further on to the Supreme Court."

Plaintiff filed a second document with a long title that begins "Notice of Fee Schedule." In this document, Plaintiff references what appears to be a state court case number, repeats the allegations that she is not subject to the jurisdiction of the juvenile court, and demands the return of her children. Plaintiff also asks for various quantities of gold or its equivalent for each violation of her rights and each hour of time she spends defending herself regarding these matters.

Plaintiff filed a third document titled "Cease and Desist" that is directed to the former judicial administrator of the Caddo Parish District Court and to the Caddo Parish District Attorney. Plaintiff demands that they terminate a guardianship. Attached to the document is a copy of a motion that the Department of Children and Family Services filed in juvenile court to seek relief based on allegations that Plaintiff's children have suffered from physical abuse, lack of proper hygiene, and discontinuation of required therapies. The motion also alleged that Plaintiff suffered from mental health issues, and the Department was concerned that she was not receiving appropriate mental health medications or monitoring. The motion added that Plaintiff never completed substance abuse treatment and was discharged after a significant period of noncompliance.

**Mandamus Relief**

The primary relief sought by Plaintiff is that this court order the state court and state agency to return her children to her home. That relief is not available because "[t]he federal

courts' mandamus authority does not extend to directing state officials in the performance of their duties and functions." Max-George v. Honorable Justices of Court of Criminal Appeals of Texas, 788 Fed. Appx. 274 (5th Cir. 2019), citing Moye v. Clerk, DeKalb Cty. Superior Court, 474 F.2d 1275, 1275−76 (5th Cir. 1973) (holding that federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought").

To the extent Plaintiff attempts to appeal an order of the juvenile court, this court lacks appellate jurisdiction to review, modify or nullify final orders of state courts. Union Planters Bank v. Salih, 369 F.3d 457 (5th Cir. 2004); Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000). If a state court or tribunal errs, the judgment is to be reviewed and corrected by the appropriate state appellate court. Recourse to the federal level is then limited to an application for a writ of certiorari to the United States Supreme Court. Id. See also Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984) ("A plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.").

**Judicial Immunity**

Plaintiff's one-page document directed to this court does not specifically name any defendants, but the only other entities named in it are the juvenile court and Department of Children and Family Services. Plaintiff is not entitled to pursue damages against any judge who issued an order from the juvenile court. Judges enjoy absolute judicial immunity from liability for damages arising out of performance of their judicial duties. Mireles v. Waco, 112 S.Ct. 286, 288 (1991). That immunity is not overcome by allegations of bad faith or

malice. Pierson v. Ray, 87 S.Ct. 1213 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). The actions alleged in this case, the issuing of a decision related to children in need of care, unequivocally fall within a juvenile court judge's authority as a judicial officer of the court and in the ordinary exercise of judicial duties. Accordingly, any judge involved in such matters is immune from a claim for damages.

**Eleventh Amendment**

Plaintiff also targets the Department for its role in the proceedings. The Eleventh Amendment ordinarily bars suits in federal court brought against a state or state agency or department that is considered an arm of the state. Richardson v. Southern University, 118 F.3d 450, 452 (5th Cir. 1997). This court has held that the Department is an arm of the state within the meaning of the Eleventh Amendment. Prevo v. Pennington, 2016 WL 6816254, *3 (W.D. La. 2016). Accordingly, any claims against the Department should be dismissed without prejudice due to lack of jurisdiction. Id.

**Individual Defendants**

Plaintiff's filing that is titled Notice of Fee Schedule, etc. does not appear to be a complaint intended for filing in this court. It bears a caption for the Caddo Parish Juvenile Court, as well as a case number that appears to be from that court. The document lists as defendants the State of Louisiana, (Judge) David Matlock, and five individuals. Some of the individuals are known to the court to be attorneys.

In any event, the document does not attempt to set forth a claim against the individuals under 42 U.S.C. § 1983 or otherwise, and it does not include any specific

allegations of fact against any of the individuals that could give rise to a claim. They are mentioned only in the caption. The clerk of court listed the individuals on the docket sheet as defendants, perhaps out of an abundance of caution, but a review of the filings indicates that Plaintiff may not have intended that they be defendants in this federal action. In any event, the filings do not set forth a plausible basis for any cause of action against those persons.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice as to all defendants.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of June, 2021.

Mark L. Hornsby
U.S. Magistrate Judge